BRIAN T. DUNN, ESQ (SBN 176502)
MARIEL A. GERLT, ESQ (SBN 251119)
**THE COCHRAN FIRM – LOS ANGELES**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone (323) 931-6200
Facsimile (323) 931-9521

Attorneys for Plaintiff SONNY RUBIN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

SONNY RUBIN, an individual

    Plaintiff,

    vs.

CITY OF WESTMINSTER, a municipal entity, SERGEANT TIMOTHY VU, OFFICER RACHEL LUMBA, OFFICER KYLE SEASOCK, OFFICER JASON STOUFFER, OFFICER RYAN REYES, OFFICER JOHN PHAN and DOES 7 through 10, inclusive,

    Defendants.

**CASE NO.: SACV 09-122 CJC (ANx)**

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**1. Violations of Civil Rights (42 U.S.C. § 1983);**
**2. Assault and Battery;**
**3. Negligence;**
**4. Intentional Infliction of Emotional Distress**

**DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

1.    Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and sections 1331 and 1367(a).

-1-

2.    Venue is proper in the Central District of California under 28 U.S.C. sections 1391(a) and (b).

## PARTIES

3.    Plaintiff SONNY RUBIN is and at all relevant times herein was a resident of Orange County, State of California.

4.    Defendant CITY OF WESTMINSTER (hereinafter "CITY") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.  On May 5, 2008, a Claim for Damages was presented to the CITY on behalf of Plaintiff, in substantial compliance with Government Code, Section 910, et seq. Said Claim was deemed denied as of June 19, 2008.

5.    Plaintiff is informed and believes and thereupon alleges that Defendant SERGEANT TIMOTHY VU (Employee number 124) is and at all relevant times mentioned herein was, a resident of the State of California and County of Orange. Further, at all times relevant to the acts and omissions herein alleged, SERGEANT VU, was a police officer, and was acting in the course and scope of his employment with the CITY OF WESTMINSTER and the Westminster Police Department.

6.    Plaintiff is informed and believes and thereupon alleges that Defendant OFFICER RACHEL LUMBA (Employee number 195) is and at all relevant times mentioned herein was, a resident of the State of California and County of Orange.

-2-

SECOND AMENDED COMPLAINT FOR DAMAGES

Further, at all times relevant to the acts and omissions herein alleged, OFFICER LUMBA, was a police officer, and was acting in the course and scope of her employment with the CITY OF WESTMINSTER and the Westminster Police Department.

7.      Plaintiff is informed and believes and thereupon alleges that Defendant OFFICER KYLE SEASOCK (Employee number 167) is and at all relevant times mentioned herein was, a resident of the State of California and County of Orange. Further, at all times relevant to the acts and omissions herein alleged, OFFICER SEASOCK, was a police officer, and was acting in the course and scope of his employment with the CITY OF WESTMINSTER and the Westminster Police Department.

8.      Plaintiff is informed and believes and thereupon alleges that Defendant OFFICER JASON STOUFFER (Employee number 170) is and at all relevant times mentioned herein was, a resident of the State of California and County of Orange. Further, at all times relevant to the acts and omissions herein alleged, OFFICER STOUFFER, was a police officer, and was acting in the course and scope of his employment with the CITY OF WESTMINSTER and the Westminster Police Department.

9.      Plaintiff is informed and believes and thereupon alleges that Defendant OFFICER RYAN REYES (Employee number 158) is and at all relevant times

SECOND AMENDED COMPLAINT FOR DAMAGES

mentioned herein was, a resident of the State of California and County of Orange. Further, at all times relevant to the acts and omissions herein alleged, OFFICER REYES, was a police officer, and was acting in the course and scope of his employment with the CITY OF WESTMINSTER and the Westminster Police Department.

10.    Plaintiff is informed and believes and thereupon alleges that Defendant OFFICER JOHN PHAN, (Employee number 248) is and at all relevant times mentioned herein was, a resident of the State of California and County of Orange. Further, at all times relevant to the acts and omissions herein alleged, OFFICER PHAN, was a police officer, and was acting in the course and scope of his employment with the CITY OF WESTMINSTER and the Westminster Police Department.

11.    Plaintiff is unaware of the true names and capacities of those Defendants sued herein as DOE Defendants.  Plaintiff will amend this complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifference, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifference, intentional, willful or wanton misconduct in creating and otherwise causing the incidents,

-4-

SECOND AMENDED COMPLAINT FOR DAMAGES

conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

12.    Each of the individual Defendants sued herein is sued both in his/her individual and personal capacity, as well as in his/her official capacity.

13.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other co-defendants.

## FACTS COMMON TO ALL COUNTS

14.    This Complaint concerns an officer involved incident that occurred on November 18, 2007, at approximately 2:00 a.m.; on that date and time, Plaintiff SONNY RUBIN was present at or around the premises of a bar and/or restaurant called "The Lounge", located at 9311 Bolsa Avenue, in the City of Westminster. Thereafter, Defendants SERGEANT VU, OFFICER LUMBA, OFFICER STOUFFER, OFFICER SEASOCK and DOES 7 through 10, inclusive, employed by and acting in the course and scope of their employment with the Westminster Police Department and the City of Westminster negligently investigated the circumstances of the subject

-5-

SECOND AMENDED COMPLAINT FOR DAMAGES

incident, and without probable cause to arrest Claimant Sonny Rubin, wrongfully, negligently, intentionally, and with deliberate indifference to the constitutional rights of Mr. Rubin, falsely arrested and imprisoned him, and assaulted and battered Mr. Rubin, who was unarmed, by acts which included, but were not limited to, repeatedly unnecessarily and unjustifiably striking him with their fists and department issued batons, kicking him, and violently throwing his person to the ground while handcuffed. Thereafter, Mr. Rubin was transported to the jail of the Westminster Police Department, located at 8200 Westminster Blvd., in the City of Westminster.

15. Further, on November 18, 2007, at approximately 2:00 a.m., after Mr. Rubin had been handcuffed and was being taken to a police vehicle, Defendant Officer STOUFFER further assaulted and battered Mr. Rubin by acts which included, but were not limited to, violently and forcefully striking Mr. Rubin in and about his head and face, causing serious and severe injuries. The further assault and battery on the person of Plaintiff SONNY RUBIN occurred while he was restrained, handcuffed and in the presence of Defendant OFFICER LUMBA and OFFICER REYES who failed to restrain OFFICER STOUFFER'S violent conduct. Defendant OFFICER LUMBA and REYES further failed to report the conduct of OFFICER STOUFFER, in violation of Mr. Rubin's rights. During the course of these events, Mr. Rubin made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a

-6-

SECOND AMENDED COMPLAINT FOR DAMAGES

reasonable officer that he was resisting arrest or delaying an officer in the performance of his duties

16.     While at the jail, Defendants OFFICER JASON STOUFFER, OFFICER RYAN REYES, OFFICER JOHN PHAN and DOES 7 through 10, inclusive, of the Westminster Police Department, wrongfully, negligently, intentionally, and with deliberate indifference to the constitutional rights of Mr. Rubin, assaulted and battered Mr. Rubin, who was unarmed, by acts which included, but were not limited to, repeatedly unnecessarily and unjustifiably striking him with their fists and department issued batons, kicking him, violently throwing his person to the ground while handcuffed, and repeatedly shooting and shocking him with their department issued taser guns, including the use of the taser on Mr. Rubin's genitals.  Plaintiff suffered severe injuries, including but not limited to several broken bones in his wrists and face and suffered irreparable nerve damage in the area of his wrists and hand during the course of an arrest and detention made without probable cause.  Thereafter, the SUBJECT OFFICER(S), including Defendants OFFICER JASON STOUFFER, OFFICER RYAN REYES, OFFICER JOHN PHAN and DOES 7 through 10, inclusive, continued to falsely arrest and imprison Plaintiff SONNY RUBIN.

17.     At all times relevant to the act and omissions herein alleged, including the time in which the SUBJECT OFFICER(S), struck, kicked and/or slammed to the ground Plaintiff SONNY RUBIN'S person and shot and shocked him with taser guns,

-7-

SONNY RUBIN was not armed with any weapon, and posed no reasonable threat of violence to the SUBJECT OFFICER(S), nor to any other person. Prior to and during the time in which Plaintiff SONNY RUBIN was assaulted and battered as described herein, Plaintiff SONNY RUBIN made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he was resisting arrest or delaying an officer in the performance of his duties.

18    Plaintiff SONNY RUBIN did not to anything to justify the force used against him and the same was unreasonable, excessive, unnecessary, and unlawful. Immediately following this incident, the SUBJECT OFFICER(S) proceeded to arrest, seize, falsely imprison, and detain Plaintiff SONNY RUBIN for an unreasonable length of time, without having probably cause to do so, causing further constitutional deprivations and emotional distress to Plaintiff. As a result of the above described acts of defendants, and each of them, Plaintiff SONNY RUBIN suffered severe, permanent, and irreparable injuries.

19.    Subsequent to his arrest and detention, the City of Westminster filed misdemeanor criminal charges (two counts) against Mr. Rubin for violation of California Penal Code Section 148(a) – resisting, obstructing or delaying a peace officer in the discharge of their duties. Mr. Rubin faced prosecution on the charges and was required to employ the services of attorneys and counselors in his defense. Throughout the arrest, detention, and prosecution of RUBIN, the individual

-8-

SECOND AMENDED COMPLAINT FOR DAMAGES

defendants, and each of them, arrested, detained, and assisted in the criminal prosecution RUBIN for violations of Penal Code Section 148(a), despite the fact that probable cause did not exist for this alleged crime. In contributing to the arrest, detention, and prosecution of RUBIN, the individual defendants, and each of them, deliberately filed false police reports and false police affidavits which stated that RUBIN was guilty of the crime of resisting, obstructing, and delaying a peace officer, and which falsely stated that the force used by the individual defendants was reasonable, and that the conduct of the individual defendants was lawful. All of these charges were terminated on the merits in RUBIN'S favor on April 21, 2009.

## FIRST CAUSE OF ACTION

(By Plaintiff SONNY RUBIN Against All Defendants
For Violations Of Civil Rights [42 U.S.C. § 1983])

20.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

21.   On November 18, 2007, at approximately 2:00 a.m., Plaintiff SONNY RUBIN was present at or around the premises of a bar and/or restaurant called "The Lounge", located at 9311 Bolsa Avenue, in the City of Westminster. Thereafter, Police Officers SEASOCK, VU, STOUFFER, LUMBA and DOES 7 through 10, employed by and acting in the course and scope of their employment with the Westminster Police Department and the City of Westminster negligently investigated

-9-

SECOND AMENDED COMPLAINT FOR DAMAGES

the circumstances of the subject incident, and without probable cause to arrest Claimant Sonny Rubin, wrongfully, negligently, intentionally, and with deliberate indifference to the constitutional rights of Mr. Rubin, falsely arrested and imprisoned him, and assaulted and battered Mr. Rubin, who was unarmed, by acts which included, but were not limited to, repeatedly unnecessarily and unjustifiably striking him with their fists and department issued batons, kicking him, and violently throwing his person to the ground while handcuffed.  Thereafter, Mr. Rubin was transported to the jail of the Westminster Police Department, located at 8200 Westminster Blvd., in the City of Westminster.

22.    Further, on November 18, 2007, at approximately 2:00 a.m., after Mr. Rubin had been handcuffed and was being taken to a police vehicle, Defendant Officer STOUFFER further assaulted and battered Mr. Rubin by acts which included, but were not limited to, violently and forcefully striking Mr. Rubin in and about his head and face, causing serious and severe injuries. The further assault and battery on the person of Plaintiff SONNY RUBIN occurred while he was restrained, handcuffed and in the presence of Defendant OFFICER LUMBA and OFFICER REYES who failed to restrain OFFICER STOUFFER'S violent conduct. Defendant OFFICER LUMBA and REYES further failed to report the conduct of OFFICER STOUFFER, in violation of Mr. Rubin's rights. During the course of these events, Mr. Rubin made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a

-10-

SECOND AMENDED COMPLAINT FOR DAMAGES

reasonable officer that he was resisting arrest or delaying an officer in the performance of his duties

23.    While at the jail, Defendant Officers STOUFFER, REYES, PHAN and DOES 7 through 10, of the Westminster Police Department, wrongfully, negligently, intentionally, and with deliberate indifference to the constitutional rights of Mr. Rubin, assaulted and battered Mr. Rubin, who was unarmed, by acts which included, but were not limited to, repeatedly unnecessarily and unjustifiably striking him with their fists and department issued batons, kicking him, violently throwing his person to the ground while handcuffed, and repeatedly shooting and shocking him with their department issued taser guns.  Plaintiff had several bones in his wrists and face broken, and suffered irreparable nerve damage in the area of his wrists and hand during the course of an arrest and detention made without probable cause.  Thereafter, the SUBJECT OFFICER(S), including DOE Defendants 7 through 10, inclusive, continued to falsely arrest and imprison Plaintiff SONNY RUBIN.

24.    At all times relevant to the acts and omissions herein alleged, including the time in which the SUBJECT OFFICER(S), including DOES 7-10, struck, kicked and/or slammed to the ground Plaintiff SONNY RUBIN'S person and shot and shocked him with taser guns, SONNY RUBIN was not armed with any weapon, and posed no reasonable threat of violence to the SUBJECT OFFICER(S), nor to any other person.  Prior to and during the time in which Plaintiff SONNY RUBIN was assaulted

-11-

SECOND AMENDED COMPLAINT FOR DAMAGES

and battered as described herein, Plaintiff SONNY RUBIN made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he was resisting arrest or delaying an officer in the performance of his duties.

25.    Plaintiff SONNY RUBIN did not to anything to justify the force used against him and the same was unreasonable, excessive, unnecessary, and unlawful. Immediately following this incident, the SUBJECT OFFICER(S) proceeded to arrest, seize, falsely imprison, and detain Plaintiff SONNY RUBIN for an unreasonable length of time, without having probably cause to do so, causing further constitutional deprivations and emotional distress to Plaintiff.  As a result of the above described acts of defendants, and each of them, Plaintiff SONNY RUBIN suffered severe, permanent, and irreparable injuries.

26.    Subsequent to his arrest and detention, the City of Westminster filed misdemeanor criminal charges (two counts) against Mr. Rubin for violation of California Penal Code Section 148(a) – resisting, obstructing or delaying a peace officer in the discharge of their duties. Mr. Rubin faced prosecution on the charges and was required to employ the services of attorneys and counselors in his defense. Throughout the arrest, detention, and prosecution of RUBIN, the individual defendants, and each of them, arrested, detained, and assisted in the criminal prosecution RUBIN for violations of Penal Code Section 148(a), despite the fact that

-12-

SECOND AMENDED COMPLAINT FOR DAMAGES

probable cause did not exist for this alleged crime. In contributing to the arrest, detention, and prosecution of RUBIN, the individual defendants, and each of them, deliberately filed false police reports and false police affidavits which stated that RUBIN was guilty of the crime of resisting, obstructing, and delaying a peace officer, and which falsely stated that the force used by the individual defendants was reasonable, and that the conduct of the individual defendants was lawful. All of these charges were terminated on the merits in RUBIN'S favor on April 21, 2009.

27.    This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage, of rights, privileges, and immunities secured to plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures and the use of excessive force, and the right to be free from arrest, detention, and criminal prosecution without probable cause.

28.    Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, the Defendant CITY employed the SUBJECT OFFICER(S), including DOES 7-10. The Defendant CITY provided the SUBJECT OFFICER(S) with an official badges and identification card(s) which designated and described the SUBJECT OFFICER(S) as employees of the CITY and the WESTMINSTER POLICE DEPARTMENT.

SECOND AMENDED COMPLAINT FOR DAMAGES

29.    At all times mentioned herein, Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and CITY.  Each of the Defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to:

A.    the right to be free from unreasonable searches and seizures by police officers;

B.    the right to be free from the use of excessive force by police officer;

C.    the right to be free from arrest, detention, and criminal prosecution absent probable cause;

30.    On or about November 18, 2007, the SUBJECT OFFICER(S) assaulted and battered Plaintiff SONNY RUBIN, as previously described.  Further, that such assault and battery constituted excessive, unjustifiable, and unreasonable force in violation of Plaintiff SONNY RUBIN'S constitutional right to be free from unreasonable searches and seizures and the use of excessive force. In addition to the above alleged conduct, Plaintiff was subjected to the above deprivations as a result of the failure of the CITY to properly train the SUBJECT OFFICER(S), and by its hiring and retention of the SUBJECT OFFICER(S), with a known propensity for violence, all

-14-

SECOND AMENDED COMPLAINT FOR DAMAGES

of which was indicative of a policy, practice, and custom of the CITY to negligently hire police officers.

31.    The facts alleged above are part of the customs, practices, policies and decisions of Defendant CITY, including, but not limited to, the following:

(a)    Using grossly excessive force on citizens;

(b)    Refusing to supervise, reprimand, and/or discipline law enforcement officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force and the conducting of unlawful searches and seizures by officers, deputies and agents;

(c)    Inadequately training and supervising employees of the governmental entity, Defendants herein, with respect to the reasonable and proper force applications in the apprehension of suspects;

(d)    Inadequately training and supervising employees of the governmental entity, Defendants herein, with respect to the observance, reporting and documenting of improper and excessive use of force by other law enforcement officers to supervisors.

32.    That the above acts and/or omissions of the Defendants, and each of them, were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein.  Likewise, the customs, practices,

-15-

SECOND AMENDED COMPLAINT FOR DAMAGES

policies, and decisions of the CITY alleged herein and as applied to Plaintiff SONNY RUBIN, resulted in violation of Plaintiff SONNY RUBIN'S constitutional rights.

33.    That the above acts, omissions, customs, practices, and/or decisions of the CITY, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary, and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order.  The above acts, omissions, decisions, customs, practices, or policies were consciously chosen from among various alternatives.

34.    Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY and the POLICE DEPARTMENT, and that such policy makers have direct knowledge of the fact that this incident, as detailed herein, was not justified, but rather represented an unconstitutional display of unreasonable, excessive force.  Notwithstanding this knowledge, the authorized policy makers within the CITY and the POLICE DEPARTMENT have approved of the Defendant officers' conduct, and have made a deliberate choice to endorse the Defendant officers' conduct, and the basis for that conduct.  By so doing, the authorized policy makers within the CITY and the POLICE DEPARTMENT have shown affirmative agreement with the individual Defendant

-16-

SECOND AMENDED COMPLAINT FOR DAMAGES

officers' actions, and have ratified the unconstitutional acts of the individual Defendant officers.

35. Plaintiff has the Fourth Amendment right to be free from unreasonable searches and seizures, the right to be free from punishment absent criminal conviction, the right to be free from the use of unreasonable and excessive force, and the right to be free from arrest, detention, and criminal prosecution absent probable cause. All of these rights and privileges are secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendants, and each of them, including DOES 1 through 10, inclusive, which proximately caused severe and permanent injuries to plaintiff.

36. Each of the individual Defendants and the municipal Defendants acted in concert, and each of the individual defendants, acted willfully, knowingly, with reckless disregard and callous indifference, and purposefully with the intent to deprive plaintiff of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling plaintiff to punitive and exemplary damages in an amount to be proven at the trial of this matter.

37. Due to the wrongful, intentional, and malicious acts of each of the Defendants, Plaintiff SONNY RUBIN has been placed in great fear, and has suffered, and continues to suffer, extreme and severe mental anguish as well as mental and

-17-

physical pain and injury.  As a proximate result of each of the Defendants' conduct, Plaintiff SONNY RUBIN was required to employ, and did in fact employ, physicians, surgeons, and psychiatrists to examine, treat, and care for him.  Consequently, Plaintiff SONNY RUBIN has incurred, and continues to incur, medical expenses in an amount to be determined according to proof at trial.

38.    As a further result of the conduct and/or omissions of each of these Defendants, Plaintiff SONNY RUBIN has lost past and future earnings in an amount to be determined according to proof at trial.

39.    Plaintiffs are entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

(Assault and Battery)

(By Plaintiff Against all Defendants)

40.    Plaintiff restates and reiterates the foregoing paragraphs of this complaint as if set forth in full at this point.

41.    On November 18, 2007, at approximately 2:00 a.m.; on that date and time, Plaintiff SONNY RUBIN was present at or around the premises of a bar and/or restaurant called "The Lounge", located at 9311 Bolsa Avenue, in the City of Westminster.  Thereafter, Police Officers SEASOCK, VU, STOUFFER, LUMBA and

-18-

SECOND AMENDED COMPLAINT FOR DAMAGES

DOES 7 through 10, employed by and acting in the course and scope of their employment with the Westminster Police Department and the City of Westminster negligently investigated the circumstances of the subject incident, and without probable cause to arrest Claimant Sonny Rubin, wrongfully, negligently, intentionally, and with deliberate indifference to the constitutional rights of Mr. Rubin, falsely arrested and imprisoned him, and assaulted and battered Mr. Rubin, who was unarmed, by acts which included, but were not limited to, repeatedly unnecessarily and unjustifiably striking him with their fists and department issued batons, kicking him, and violently throwing his person to the ground while handcuffed.  Thereafter, Mr. Rubin was transported to the jail of the Westminster Police Department, located at 8200 Westminster Blvd., in the City of Westminster.

42.    Further, on November 18, 2007, at approximately 2:00 a.m., after Mr. Rubin had been handcuffed and was being taken to a police vehicle, Defendant Officer STOUFFER further assaulted and battered Mr. Rubin by acts which included, but were not limited to, violently and forcefully striking Mr. Rubin in and about his head and face, causing serious and severe injuries. The further assault and battery on the person of Plaintiff SONNY RUBIN occurred while he was restrained, handcuffed and in the presence of Defendant OFFICER LUMBA and OFFICER REYES who failed to restrain OFFICER STOUFFER'S violent conduct. Defendant OFFICER LUMBA and REYES further failed to report the conduct of OFFICER STOUFFER, in violation of

-19-

Mr. Rubin's rights. During the course of these events, Mr. Rubin made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he was resisting arrest or delaying an officer in the performance of his duties

43. While at the jail, Defendant Officers STOUFFER, REYES, PHAN and DOES 7 through 10, of the Westminster Police Department, wrongfully, negligently, intentionally, and with deliberate indifference to the constitutional rights of Mr. Rubin, assaulted and battered Mr. Rubin, who was unarmed, by acts which included, but were not limited to, repeatedly unnecessarily and unjustifiably striking him with their fists and department issued batons, kicking him, violently throwing his person to the ground while handcuffed, and repeatedly shooting and shocking him with their department issued taser guns. Plaintiff had several bones in his wrists and face broken, and suffered irreparable nerve damage in the area of his wrists and hand during the course of an arrest and detention made without probable cause. Thereafter, the SUBJECT OFFICER(S), including DOE Defendants 7 through 10, inclusive, continued to falsely arrest and imprison Plaintiff SONNY RUBIN.

44. At all times prior to, during, and after the time the SUBJECT OFFICER(S) assaulted and battered Plaintiff, he did not do anything which provided any legal justification or excuse for the SUBJECT OFFICER(S) conduct, and such conduct was unnecessary and grossly excessive. Further, all of the above acts of the

-20-

SECOND AMENDED COMPLAINT FOR DAMAGES

Defendants were done intentionally, maliciously, and with willful disregard for the rights of Plaintiff.

45.    As a direct and proximate cause of the wrongful, intentional, and malicious acts of the Defendants, and each of them, Plaintiff SONNY RUBIN has been placed in great fear, and has suffered, and continues to suffer, extreme and severe mental anguish as well as mental and physical pain and injury. As a direct and proximate result of each of the Defendants' conduct, Plaintiff SONNY RUBIN was required to employ, and did in fact employ, physicians, surgeons, and psychiatrists to examine, treat, and care for him. Consequently, Plaintiff SONNY RUBIN has incurred, and continues to incur, medical expenses in an amount to be determined according to proof at trial.

46.    As a further result of the conduct and/or omissions of each of these Defendants, Plaintiff SONNY RUBIN has lost past and future earnings in an amount to be determined according to proof at trial.

47.    The above-described acts of the individual Defendants were intended to cause injury to Plaintiff SONNY RUBIN and were carried out with a conscious disregard for the rights and safety of Plaintiff SONNY RUBIN and others, thereby justifying exemplary and punitive damages against the individual Defendants sued herein.

-21-

SECOND AMENDED COMPLAINT FOR DAMAGES

# FOR THE THIRD CAUSE OF ACTION

(Negligence)

(By Plaintiff Against All Defendants)

48.    Plaintiffs restate and reiterate the foregoing paragraphs of this complaint, as if set forth in full at this point.

49.    At all times relevant to the acts and omissions herein alleged, defendants, and each of them, had a duty to exercise reasonable an ordinary care in the discharge of their duties so as to not use unreasonable and excessive force in the performance of their duties, and so as to not exercise their powers of detention and restraint upon civilians without having just cause to do so.  Notwithstanding these duties, defendants, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to determine that SONNY RUBIN posed no threat of physical harm or reasonable resistance to any person or officer when he was subjected to excessive and unreasonable force, as described in the foregoing paragraphs of this complaint, and negligently inflicting physical injury upon SONNY RUBIN as described herein, and negligently arresting, detaining, and imprisoning MR. RUBIN when the same was unnecessary and unlawful.

50.    As a direct and proximate cause of the wrongful and negligent acts and/or omissions of each of the Defendants, Plaintiff SONNY RUBIN has suffered and

-22-

SECOND AMENDED COMPLAINT FOR DAMAGES

continues to suffer, extreme and severe mental anguish, as well as mental and physical pain and injury.

51. As a proximate result of the above-mentioned Defendants' conduct, and each of them, Plaintiff SONNY RUBIN has been required to employ and did employ physicians and surgeons to examine, treat, and care for him, and has incurred additional medical expenses for hospital bills and other incidental medical expenses in an amount according to proof at trial.

52. As a further result of these acts and/or omissions, Plaintiff SONNY RUBIN has lost past and future wages, earnings, and earnings capacity in an amount to be determined according to proof at trial.

## FOR THE FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(By Plaintiff against all Defendants)

53. Plaintiffs restate and reiterate the foregoing paragraphs of this complaint as if set forth in full at this point.

54. The above-described acts and/or omissions of Defendants, and each of them, were outrageous, intentional, unlawful, malicious, and committed for the express purpose of causing Plaintiff SONNY RUBIN to suffer increased humiliation, mental anguish, emotional and physical distress. The conduct of each of these Defendants in confirming and ratifying this conduct was done with the knowledge that Plaintiff

-23-

SECOND AMENDED COMPLAINT FOR DAMAGES

SONNY RUBIN would suffer great physical and emotional distress, and was committed with a wanton and reckless disregard for the consequences to Plaintiff SONNY RUBIN.  There is no statutory or judicially created privilege attaching to any of these defendants which would exempt them from tortious liability for the above-described actions.

55.    As a direct and proximate result of the above-described acts and/or omissions of Defendants, and each of them, Plaintiff SONNY RUBIN was placed in great fear of his life and physical well being.  Moreover, due to the wrongful, intentional, and malicious acts of each of these Defendants, Plaintiff SONNY RUBIN has suffered, and continues to suffer, extreme pain and severe mental anguish, as well as mental and physical damage and injury to his mind and body.

56.    As a proximate result of the above-mentioned Defendants', and each of them, conduct and/or omissions, Plaintiff SONNY RUBIN has been required to employ and did employ physicians to examine, treat, and care for him, and have incurred additional medical expenses for hospital bills and other incidental medical expenses in an amount according to proof at trial.

57.    As a further result of these acts and/or omissions, Plaintiff SONNY RUBIN has lost past and future wages in an amount to be determined according to proof at trial.

SECOND AMENDED COMPLAINT FOR DAMAGES

58.    The acts and omissions alleged herein were intended by each Defendant to cause injury to Plaintiff SONNY RUBIN, and were done with a conscious disregard for the rights and safety of Plaintiff SONNY RUBIN, thereby justifying the awarding of exemplary and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

59.    Plaintiff is entitled to and hereby demands costs, attorney fees and expenses pursuant to 42 U.S.C. § 1988 and any other applicable statutory and case authorities.

## JURY DEMAND

60.    Plaintiff hereby demands that a jury be empanelled for the trial of this matter on all causes of action set forth against all individual defendants.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    For general damages in an amount to be determined according to proof at trial;

2.    For medical and related expenses according to proof at trial;

3.    For costs of suit incurred herein;

4.    For punitive damages against the individual defendants in an amount to be determined according to proof at trial;

-25-

SECOND AMENDED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA           )
                              ) ss.
COUNTY OF LOS ANGELES         )

I, the undersigned, hereby declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 4929 Wilshire Boulevard, Suite 1010, Los Angeles, California 90010.

On February 10, 2010, I caused to be served the foregoing document described as: **SECOND AMENDED COMPLAINT FOR DAMAGES** on interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Bruce D. Praet, Esq.
FERGUSON, PRAET & SHERMAN
1631 East 18th Street
Santa Ana, California 92705
Telephone: (714) 953-5300
Facsimile: (714) 953-1143
Attorneys for Defendants City of Westminister

**XX**     **VIA U.S. MAIL**      I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____    ** **(By Personal Service)** I caused to be served, by hand to the offices of the addressee.
Executed on _____ _____ , 200, at _____, California.

**(State)**      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**XX**     **(Federal)**      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2010, at Los Angeles, California.

Reiko J. Roberson